UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL JOSEPH MARTINS,

                Plaintiff,                COMPLAINT

      -against-

THE COUNTY OF NASSAU, THE NASSAU      (Plaintiff Demands Trial by Jury)
COUNTY POLICE DEPARTMENT, NASSAU
COUNTY POLICE OFFICER ERIC J.
DOLLHAUSEN, Shield No. 2488;
NASSAU COUNTY POLICE DEPARTMENT
LIEUTENANT NICHOLAS PANDOLFO,
NASSAU COUNTY POLICE DEPARTMENT
SERGEANT BRENT (first name unknown),
STATE ENGINEER PETER HEUSHNEIDER
and JOHN DOES #1, 2 AND 3 (Said names being
fictitious, it being the intent of Plaintiffs to designate
any and all officers, members, agents, servants, and/or
employees of the aforementioned agencies owing a
Duty of care to Plaintiff)

                Defendants.
------------------------------------------------------------X

      DANIEL JOSEPH MARTINS, alleges upon personal knowledge with respect to himself and his own acts, and upon information and belief as to all other matters, as follows:

1.      The jurisdiction of this action is based upon the *United States Constitution* and the Civil Rights Law, 42 *U.S.C.* §§1983 and 1988 and 28 *U.S.C.* §§1331 and 1343, as well as this Court's pendent and ancillary jurisdiction concerning State law claims.

2.      Plaintiff is a United States citizen, and at all relevant times was, and still is, a resident of the County of Nassau, State of New York.

3.      The County of Nassau is a municipality, duly organized and existing under and by virtue of the laws of the State of New York.

4. Defendant, NASSAU COUNTY POLICE DEPARTMENT, was and is a department agency of the Defendant, NASSAU COUNTY.

5. At all relevant times, Defendant P.O. Eric J. Dollhausen ("Dollhausen") was a member of the Nassau County Police Department.

6. At all relevant times, Defendants, "John Does" Number "1", "2" and "3" were members of the Nassau County Police Department.

7. At all relevant times, Defendant LIEUTENANT Nicholas Pandolfo was a member of the Nassau County Police Department.

8. At all relevant times, Defendant Sergeant Brent (first name unknown) was a member of the Nassau County Police Department.

9. At all relevant times, Defendant Peter Heushneider was an engineer employed by the New York State Department of Transportation and who was also engaged by the County of Nassau to bolster the defendant's decision to arrest plaintiff. Defendant Heuschneider incorrectly and improperly purported to give an official account of the lawful use of the pedestrian footbridge (discussed below) and the alleged "danger" of plaintiff's First Amendment activities. This defendant knew that his statements would be relied on by the co-defendants to justify their own constitutional and state torts. Plaintiff does not seek money damages against this defendant. Plaintiff asks that Heushneider be enjoined from issuing similar statements in the future.

10. On or about August 29, 2014 a notice of claim was duly served and submitted to the County of Nassau pursuant to the General Municipal Law. A 50-h hearing under New York's Municipal Law was held on January 29, 2015.

11. The County of Nassau has not settled or adjusted plaintiff's claims.

2

12. On June 6, 2014 plaintiff was 21 years old (d/o/b: 8/17/92).

13. At all relevant times, plaintiff has been enrolled at Hofstra University. He expects to receive a Bachelor of Arts in Public Relations in 2016.

14. Since high school, plaintiff has been keenly interested in state and federal politics and government. Plaintiff has affiliated himself with the Libertarian movement and is a member of the Libertarian Club at Hofstra.

15. In or about September 2013 plaintiff commenced engaging in public demonstrations against President Barack Obama and aspects of the federal government. Plaintiffs activities included, *inter alia*, displaying signs that urged the impeachment of Obama and other complaints about the federal government. This activity took place in the middle of a pedestrian footbridge over the Long Island Expressway just west of Routes 106/107 in Jericho/Hicksville, New York.

16. An integral part of plaintiff's political protest also included the display of the American flag and other patriotic banners.

17. On June 6, 2014 plaintiff was engaged in the political protest, demonstration and speech summarized in the foregoing paragraphs.

18. On June 6, 2014 plaintiff placed his signs and flags in the middle of the bridge facing eastbound traffic.

19. At about 5:06 p.m. plaintiff was arrested and/or caused to be arrested by the defendants.

20. Plaintiff's right to protest and demonstrate, as was done in this case, is fundamental and fully protected by the First Amendment.

21. Defendants' actions of false arrest, malicious prosecution and constitutional torts were substantially caused by plaintiff's exercise of his rights, and were therefore retaliatory in nature.

22. Plaintiff's activities on the pedestrian footbridge were imbued with particularized message(s) that were understood by those viewing them.

23. The laws, regulations, and the Nassau County Police failed to give fair warning that plaintiff's First Amendment activities and conduct were illegal.

24. Defendants' conduct violated clearly established First Amendment rights and it was not objectively reasonable for the defendants to believe that their actions were lawful.

25. The defendants charged plaintiff with violating: (1) *Penal Law* §240.45.01 ("criminal nuisance in the second degree") and (2) *Penal Law* §240.20.05 ("disorderly conduct").

26. On December 8, 2014 the Nassau County District Court dismissed all charges against plaintiff and held that his conduct was privileged under the First Amendment.

## COUNT I - FALSE ARREST

27. Plaintiff repeats, reiterates and realleges each and every allegation contained the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody to be falsely imprisoned, detained and confined, without any probable cause, privilege or consent.

29. As a result of the foregoing, plaintiff's liberty was restricted for a period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restrains, without probable cause.

4

## COUNT II - MALICIOUS PROSECUTION

30. Plaintiff repeats, reiterates and realleges each and every allegation contained the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and unconstitutional malicious prosecution without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. As alleged above, all charges against plaintiff were dismissed on the merits.

## COUNT III - MUNICIPAL LIABILITY

33. Plaintiff repeats, reiterates and realleges each and every allegation contained the foregoing paragraphs with the same force and effect as if fully set forth herein.

34. Defendants, collectively and individually, while acting under color of law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Nassau County and its Police Department, which violates plaintiff's rights under the First and Fourth Amendment.

35. The aforementioned customs, policies, usages, practices, procedures and rules of Nassau County and the Nassau County Police Department include, but are not limited to, the following unconstitutional practices:

    a. Failing to train all members of the Nassau County Police Department as to the substantive rights of protest, dissent, public assembly, and right to petition government, as

5

guaranteed by the First Amendment, peaceable assembly, and the freedom to express and communicate these activities.

      b      arresting individuals engaging in other protected First Amendment activity;

      c      arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

      d.      Failing to give fair notice of what the Nassau County Police Department considered illegal activity on a public area reserved for pedestrian use.

      e.      Arresting persons under sections of the Penal Law that are unconstitutionally vague.

      f.      Arresting persons without probable cause to believe a crime was committed.

36. The foregoing customs, policies, usages, practices, procedures and rules of Nassau County and the Nassau County Police Department constituted deliberate indifference to the safety, well-being and Constitutional rights of plaintiff.

37. The foregoing customs, policies, usages, practices, procedures and rules of Nassau County and the Nassau County Police Department were the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of Nassau County and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by the plaintiff as alleged herein.

39. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff's Constitutional rights.

40. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by the Nassau County Police and were directly responsible for the violation of plaintiff, Daniel J. Martin's Constitutional rights.

41. The acts complained of deprived plaintiff of his rights:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. Not to be deprived of rights under the First Amendment including public assembly, freedom of expression, right to petition government, and his right to protest and demonstrate against government actions, and plaintiff's identical rights guaranteed to him by the New York State Constitution.

WHEREFORE, plaintiff respectfully requests judgment against defendants (except Heushneider) as follows:

    I. An order awarding compensatory damages in an amount to be determined at trial;

    ii. An order awarding punitive damages in an amount to be determined at trial;

    iii. Reasonable attorneys' fees and costs under 42 *U.S.C.* §1988;

    iv. Enjoining the defendant Heushneider or other agents and employees of the State of New York from providing statements to the Nassau County Police Department about the lawfulness of the exercise of Constitutional rights on "pedestrian bridges"; and

    v. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

DATED:	Garden City, New York
	August 31, 2015

*[signature]*
LAW OFFICES OF THOMAS F. LIOTTI
BY:	THOMAS F. LIOTTI, ESQ.
Attorneys for Plaintiff
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700

Thomas A. Illmensee, Esq.
*Of Counsel*