UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DANIEL JOSEPH MARTINS,

                    Plaintiff,

   -against-

THE COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY POLICE
OFFICER ERIC J. DOLLHAUSEN, Shield No. 2488;
NASSAU COUNTY POLICE DEPARTMENT
LIEUTENANT NICHOLAS PANDOLFO, NASSAU
COUNTY POLICE DEPARTMENT SERGEANT BRENT
(first name unkown), STATE ENGINEER PETER
HEUSHNEIDER and JOHN DOES #1, 2, AND 3 (Said
names being fictitious, it being the intent of
Plaintiffs to designate any and all officers, members,
agents, servants, and/or employees of the
aforementioned agencies owing a Duty of care to
Plaintiff)

                    Defendants.
---------------------------------------------------------------------x

**DECISION AND ORDER**
15-cv-5120 (ADS)(AKT)

**APPEARANCES:**

**Law Offices of Thomas F. Liotti**
*Attorney for the Plaintiff*
600 Old County Road, Suite 530
Garden City, NY 11530

**Nassau County Attorney's Office**
*Attorneys for Defendants Nassau County, Nassau County Police Department,*
   *Police Officer Eric J. Dollhausen, Lieutenant Nicholas Pandolfo, and Sergeant Brent*
One West Street
Mineola, NY 11501
       By:   Michael J. Barresi, Deputy County Attorney

**New York Attorney General's Office**
*Attorneys for Defendant Peter Heuschneider*
200 Old Country Road, Suite 240
Mineola, NY 11501
       By:   Ralph Pernick, Assistant Attorney General

**SPATT, District Judge:**

On September 2, 2015, the Plaintiff Daniel Joseph Martins ("Martins" or the "Plaintiff") commenced this civil rights action under 42 U.S.C. § 1983 against the Defendants Nassau County (the "County"); the Nassau County Police Department (the "NCPD"); Police Officer Eric J. Dollhausen ("PO Dollhausen"); Lieutenant Nicholas Pandolfo ("Lt. Pandolfo"); Sergeant Robert Brent ("Sgt. Brent"); a state engineer named Peter Heuschneider ("Heuschneider"); and three "John Doe" defendants, whose identities are unknown to the Plaintiff.

Presently before the Court is a motion by Defendant Heuschneider, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), seeking to dismiss the complaint on the ground that the Plaintiff lacks Article III standing to maintain this action against him. For the reasons that follow, the Court agrees; grants Heuschneider's motion; and dismisses the complaint against him.

## I. Background

Unless otherwise noted, the following facts are drawn from the complaint and are construed in favor of the Plaintiff.

At the relevant times, the Plaintiff was a college student at Hofstra University, working toward a bachelor's degree in public relations. See Compl. ¶¶ 12-13. Allegedly, he is "keenly interested in state and federal politics and government"; is "affiliated . . . with the Libertarian movement"; and is "a member of the Libertarian Club" at Hofstra. Id. ¶ 14.

In or about September 2013, the Plaintiff began publicly demonstrating his views by, among other things, displaying signs that contained messages advocating for the impeachment of President Obama. See ¶ 15.

On or about June 6, 2014, when he was 21 years old, the Plaintiff hung one such "Impeach Obama" sign, together with an American flag and other politically symbolic materials, "in the middle of a pedestrian footbridge over the Long Island Expressway" near Route 106/107 in the vicinity of Jericho and Hicksville. Id. ¶¶ 15-16. That evening, at 5:06 P.M., the Plaintiff was arrested by the NCPD and charged with criminal nuisance in the second degree and disorderly conduct, in violation of New York Penal Law §§ 240.45.01 and 240.20.05, respectively. See id. ¶¶ 19, 25.

The Plaintiff alleges that the County's charges were based, at least in part, on a statement provided by the Defendant Heuschneider, who, at all relevant times, was an engineer employed by the New York State Department of Transportation. See id. ¶ 9. A copy of Heuschneider's statement – which was handwritten by NCPD Police Officer James Rail on June 6, 2014 – is in the record as Exhibit "A" to the December 1, 2015 declaration of Thomas F. Liotti, Esq. The Court will reproduce the statement in full:

> I am the assistant resident engineer/permit engineer Region 10 Northern Nassau County for the New York State Department of Transportation. The foot bridge that crosses over the Long Island Expressway between exits 40 and 41 is New York State Property. As per New York State highway Article 3 Section 52, you are not allowed to erect signs which hang off state bridges because it may cause a driver to be distracted, creating a risk of a serious auto accident. The state gives the DOT the authority to take down unauthorized signs. Any outdoor advertising sign within the controlled area, except official signs, signs in areas certified by the NYS DOT shall be registered with the New York State Department of Transportation. Any person, firm, corporation, partnership, or association, before erecting, maintaining or using any outdoor advertising sign, must obtain a permit from the New York State Department of Transportation. This report is being written for me by Police Officer James Rail and is true and correct. *Peter Heuschneider.

On December 8, 2014, the Nassau County District Court dismissed the charges against the Plaintiff and, allegedly, held that his conduct was privileged under the First Amendment. Id. ¶ 26.

3

On these facts, the Plaintiff alleges various violations of his constitutional rights, including violations of the Fourth and Fourteenth Amendments, based on false arrest and malicious prosecution, under 42 U.S.C. § 1983. He also alleges municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), claiming that the complained-of activity by police personnel was conducted pursuant to a County policy or custom. He also asserts that the County failed to adequately train members of the NCPD regarding citizens' protected First Amendment rights to protest, dissent, and assemble; and that the County failed to provide fair notice of the activities on public property that the NCPD deemed illegal.

By this action, the Plaintiff seeks to recover compensatory and punitive damages, plus attorneys' fees and costs, from the County, the NCPD, and the individual Defendants PO Dollhausen, Lt. Pandolfo, and Sgt. Brent, who are NCPD police personnel.

As against the Defendant Heuschneider, who is a State employee, the Plaintiff "does not seek money damages." Id. ¶ 9. Rather, he seeks to enjoin Heuschneider from issuing statements in the future which are similar to the one that was used in this case to support the Plaintiff's arrest and the charges against him. See id.

## II. Relevant Procedural History

On September 28, 2015, the County, the NCPD, PO Dollhausen, Lt. Pandolfo, and Sgt. Brent, by their counsel, namely, the Nassau County Attorney's Office, filed an answer to the complaint, substantially denying the Plaintiff's allegations and asserting various affirmative defenses.

On November 19, 2015, the Defendant Heuschneider, by his counsel, namely, the New York Attorney General's Office, filed the present motion under Fed. R. Civ. P. 12(b)(1),

4

seeking to dismiss the complaint against him on the ground that the Court lacks subject matter jurisdiction. In particular, Heuschneider contends that the Plaintiff lacks standing to maintain this action against him because there is no present dispute between them that would constitute a justiciable case or controversy under Article III, § 2 of the Constitution. In this regard, Heuschneider contends that his last involvement with the Plaintiff occurred on June 6, 2014, when he gave an official account of the Plaintiff's activities to the NCPD; that the complaint fails to allege any relevant, continuing consequences that the Plaintiff allegedly suffered from Heuschneider's statement after the charges against him were dismissed in December 2014; and that there is no plausible allegation that Heuschneider might violate the Plaintiff's rights in the future. See Def. Memo of Law at 4-5. In fact, Heuschneider argues that, in light of the Nassau County District Court's determination that the Plaintiff's conduct was protected under the First Amendment, it is unlikely that he will be arrested for an offense of this nature in the future. See Def. Reply at 2.

The basis for the Plaintiff's opposition is somewhat unclear, although he appears to contend in a two-page legal memorandum that there is a legitimate possibility of his "re-arrest for demonstrating in a like manner at the same location," and therefore, the Court has subject matter jurisdiction. See Pl. Opp. Memo of Law at 1. In this regard, the apparent basis for the Plaintiff's belief that he may be arrested again is that Heuschneider and the State of New York "have never apologized" to him. Id.

The Plaintiff also argues that Heuschneider is a necessary party because he was involved in the relevant chain of events, which culminated in the Plaintiffs arrest, and thus "will be deposed regarding the policies, rules, laws and procedures," which are at issue in this case. See id. at 2.

5

### III.     Discussion

#### A.     The Applicable Legal Standards

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

"Pursuant to Article III, § 2 of the United States Constitution, the jurisdiction of the federal courts is limited to 'Cases' and 'Controversies,' which 'restricts the authority of the federal courts to resolving 'the legal rights of litigants in actual controversies.' " Lary v. Rexall Sundown, Inc., 74 F. Supp. 3d 540, 543-44 (E.D.N.Y. 2015) (quoting Genesis Healthcare Corp. v. Symczyk, __ U.S. __, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013)). "Thus, federal courts require that a party have a legally cognizable interest in a case's outcome to 'ensure[ ] that the Federal Judiciary confines itself to its constitutionally limited role in adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.' " Id. at 544 (quoting Symczyk, 133 S. Ct. at 1528); see Evans v. Hills, 537 F.2d 571, 591 (2d Cir. 1975) ("The hallmark of a case or controversy is the presence of adverse interests between parties who have a substantial personal stake in the outcome of the litigation").

Thus, "[s]tanding to sue, in the Constitutional sense, 'is the showing by a plaintiff that his particular grievance meets this standard, the 'essence of which is the presence of 'injury in fact' suffered by the plaintiff as a result of the defendant's actions.' " Brady v. Basic Research, LLC, 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (quoting Evans, 537 F.2d at 591).   Relevant here, " 'Article III standing consists of three 'irreducible' elements: (1) *injury-in-fact*, which is a 'concrete particularized' harm to a 'legally protected interest';

(2) *causation* in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) *redressability*, or a non-speculative likelihood that the injury can be remedied by the requested relief.' " Id. at 228 (quoting In re Vivendi Universal, S.A. Sec. Litig., 605 F. Supp. 2d 570, 574 (S.D.N.Y. 2009)) (emphasis in original). The parties in this case focus on the third element, namely, redressability, and whether the injunctive relief sought against Heuschneider is sufficiently non-speculative and likely to remedy an injury-in-fact to pass muster under Rule 12(b)(1).

In this regard, the Second Circuit has held that, to establish Article III standing, "a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71 (2d Cir. 2011) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983), and McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004)).

As Heuschneider suggests, the Supreme Court's decision in Lyons is instructive. There, the plaintiff commenced an action in federal court against the City of Los Angeles and four of its police officers, alleging that the officers had illegally applied a chokehold during a routine traffic stop, which rendered him unconscious and damaged his larynx. In addition to monetary damages, the plaintiff sought a permanent injunction barring the Los Angeles Police Department from using such maneuvers in the future.

In finding that the plaintiff lacked Article III standing to maintain his claim for injunctive relief, the Supreme Court noted that "[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged conduct and the injury or threat of injury must be both 'real and immediate,' not

'conjectural' or 'hypothetical.'" 461 U.S. at 101-02 (quoting Golden v. Zwickler, 394 U.S. 103, 109-10, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969)).  Thus, quoting from its prior decision in O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), the Court reiterated that "past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'"  Lyons, 461 U.S. at 102.

Applying these principles, the Court held that the plaintiff had failed to "demonstrate a case or controversy with the City that would justify the equitable relief sought."  Id. at 105.  In that regard, the Court noted that, although "Lyons may have been illegally choked by the police on" the date in question, this fact did "nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part."  Id.  Stated otherwise, the Court found that the plaintiff had "made no showing that he [wa]s realistically threatened by a repetition of his experience on" the date in question, and therefore, "ha[d] not met the requirements for seeking an injunction in a federal court."  Id. at 109.

The Lyons case remains good law, and its rule is routinely cited with approval by the Second Circuit.  See Shain v. Ellison 356 F.3d 211, 215 (2d Cir. 2004) (noting that Lyons "occupies much of th[e] territory" concerning redressability in the context of Article III standing); see also Caruso v. Zugibe, No. 15-2219-cv, 2016 U.S. App. LEXIS 7096, at *3-*4 (2d Cir. Apr. 20, 2016) (quoting Lyons as holding that "[a]bsent a sufficient likelihood that he will again be wronged in a similar way, [the plaintiff] is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any

or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional"); Zherka v. DiFiore, 412 F. App'x 345, 347 (2d Cir. 2011); Bordell v. Gen. Elec. Co., 922 F.2d 1057, 1060 (2d Cir. 1991).

With these principles in mind, the Court will turn to the merits of Heuschneider's motion to dismiss.

**B.    As to Whether a Justiciable Case or Controversy Exists between the Plaintiff and the Defendant Peter Heuschneider**

In the Court's view, it is clear that the Plaintiff lacks Article III standing to seek injunctive relief against Heuschneider. Even assuming that Martins suffered an injury-in-fact; and further assuming that his injury is fairly traceable to Heuschneider's statement; there is simply no rational basis for concluding that Martins is presently under any "real and immediate threat" that he will again be arrested for engaging in the kind of political demonstration that resulted in his prior arrest, or that any such arrest will be premised, in whole or in part, upon similar statements by Heuschneider or any other State official.

The Defendants' opposition provides no justification for concluding otherwise. He states, without reference to any facts, that he "has shown that there is a credible threat of his potential re-arrest." Pl. Opp. Memo of Law at 1. Yet, the only statement that could reasonably be interpreted as supporting this conclusion is his observation that Heuschneider and the State of New York "have never apologized to [him] or stated that their illegal conduct would not occur in the future." Id. In the Court's view, this speculative statement is insufficient to establish that "the injury or threat of injury [is] both 'real and immediate,' [and] not 'conjectural' or 'hypothetical.'" Lyons, 461 U.S. at 101-02 (citations and internal quotation marks omitted); see Ashcroft v. Mattis, 431 U.S. 171, 173 n.2, 97 S. Ct. 1739, 52 L. Ed. 2d 219 (1977) ("[S]peculation is insufficient to establish the existence

9

of a present, live controversy"); Brady, 101 F. Supp. 3d at 228 (the likelihood of future injury must be "non-speculative").

On the present record, the Court discerns no substantial likelihood that Martins will again be wronged in a similar way, especially because, as Heuschneider points out, a court of competent jurisdiction has now held that the Plaintiff's underlying criminal conduct was, in actuality, constitutionally protected. Therefore, in the Court's view, the possibility that the events of June 6, 2014 will repeat themselves – especially as they relate to Defendant Heuschneider – is far too remote to confer Article III standing on the Plaintiff over Heuschneider in this case. Accordingly, the motion to dismiss by Heuschneider is granted, and the complaint is dismissed against him.

In reaching this conclusion, the Court finds the cases cited by the Plaintiff to be unpersuasive and not relevant to the narrow procedural issue before the Court. Further, contrary to the Plaintiff's contention, the mere fact that Heuschneider may be deposed in this action does not render him a "necessary party" within the meaning of Fed. R. Civ. P. 19.

## IV. Conclusion

Based on the foregoing, the motion to dismiss by Defendant Peter Heuschneider is granted and the complaint is dismissed against him. The Clerk of the Court is respectfully directed to amend the official caption to conform to the following:

------------------------------------------------------------------------------------------------------------x
DANIEL JOSEPH MARTINS,

                Plaintiff,

  -against-

THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER ERIC J. DOLLHAUSEN, Shield No. 2488; NASSAU COUNTY POLICE DEPARTMENT LIEUTENANT NICHOLAS PANDOLFO, NASSAU COUNTY POLICE DEPARTMENT SERGEANT ROBERT BRENT and JOHN DOES #1, 2, AND 3 (Said names being fictitious, it being the intent of Plaintiffs to designate any and all officers, members, agents, servants, and/or employees of the aforementioned agencies owing a Duty of care to Plaintiff)

                Defendants.
------------------------------------------------------------------------------------------------------------x

        It is **SO ORDERED.**

 Dated: Central Islip, New York
       April 29, 2016

                                      */s/ Arthur D. Spatt*                      
                                      ARTHUR D. SPATT
                                      United States District Judge